IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CHEHARDY, SHERMAN, WILLIAMS RECILE & HAYES, LLP, and THE KING FIRM, <br><br> *Plaintiffs,* <br> v. <br> RECOVERY LEGAL GROUP, RAFAEL E. RIVERA-SANCHEZ, LAW OFFICE OF RAFAEL E. RIVERA- SANCHEZ, MAYTTE TEXIDOR-LOPEZ, TEXIDOR-LOPEZ L.L.C., TEXLO CONSULTING, MARIA ALMODOVAR, and MARICARMEN ALMODOVAR-DIAZ LAW OFFICE <br><br> *Defendants.* | CASE NO. 24-cv-01141 (JAG) <br><br><br> Re:   BREACH OF CONTRACT, TORTS |

**MOTION TO DISMISS AMENDED COMPLAINT FOR
FAILURE TO STATE A CLAIM**

**TO THE HONORABLE COURT**

    **COMES NOW** Co-Defendants **Rafael E. Rivera-Sanchez**, **Maytte Texidor-Lopez**, **Maria Almodóvar, Texidor-Lopez, LLC,** and **Texlo Consulting, LLC** by and through their undersigned counsel and, under Rule 12(b)(6) Fed.R.Civ.P., respectfully move to dismiss with prejudice the instant action for failure to state a claim upon which relief may be granted. In support of this request, the appearing Defendants show as follows:

**Introduction**

    On March 21, 2024, the plaintiffs filed their initial complaint against Recovery Legal Group, LLC (RLG) and others (DE 1). The complaint contains several causes of action that all fall under the alleged breach of an attorney fee agreement captioned as a Joint Venture for Hurricane Claims. These pursue the collection of attorneys' fees and costs allegedly owed to them under the terms of the contract. In the alternative, the plaintiffs pursue the recovery of the fees and costs through claims captioned as tortious conversion and unjust enrichment. On April 22, 2024, the plaintiffs filed an amended

complaint identifying RLG as a professional corporation instead of an LLC, recaptioned the third cause of action, and made several other additions and amendments. (DE 6).

As set out below, five of the six alleged causes of action are time-barred. The remaining cause of action based on the theory of unjust enrichment is inapplicable. Regardless, even if the statute of limitations had not run out on the Plaintiffs and even if the Plaintiffs could pursue an action based on unjust enrichment, RLG was dissolved on December 20, 2020. Therefore, the three-year period provided by the Puerto Rico General Corporations Act to initiate any lawsuit against the corporation, its stockholder, or its members has lapsed, and the Amended Complaint fails to establish sufficient facts to support a plausible case against the appearing Co-Defendants for RLG's obligations.

**Standard of review of a  
motion to dismiss under Rule 12(b)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead enough facts to *"raise a right to relief above the speculative level."* Bell Atl. Corp. v. Twombly, *supra,* 555. *"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."* Iqbal, 556 U.S. at 678.

While the Court must *"accept [ ] as true all well-pleaded facts and draw[ ] all reasonable inferences in the plaintiff's favor,"* that *"tenet . . . is inapplicable to legal conclusions."* Mega Media Holdings, Inc. v. Aerco Broad. Corp., 852 F. Supp. 2d 189, 198 (D.P.R. 2012) (J. Delgado-Colón) (quoting *Iqbal,* 556 U.S. 662). Likewise, an allegation that is contradicted by the very document referred to in the complaint cannot be taken as true and instead the document controls. See, Beddall v. State St. Bank and Tr. Co., 137

2

F.3d 12, 17 (1st Cir. 1998) ("When ... a complaint's factual allegations are expressly linked to -- and admittedly dependent upon -- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).") as cited in Wong v. FMR LLC (In re Fid. Erisa Fee Litig.), 990 F.3d 50 (1st Cir. 2021).

Ordinarily, in reviewing a motion to dismiss courts cannot consider extrinsic documents unless the motion is properly converted into a motion for summary judgment. Fed.R.Civ.P. 12(b)(6). Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). However, the court may take into consideration *"documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint."* Id. See also, Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007).

## Analysis and Argument

### I. Statute of Limitations

The instant case is before this District Court upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, the substantive law of Puerto Rico controls. Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938); Rolon-Alvarado v. Municipality of San Juan, 1 F.3d 74 (1st Cir. 1993).

Under Puerto Rico law the lapse of time can give rise to the extinction of a right or cause of action by the mere passage of the time limit set by law for the exercise of that right. *See* Fraguada Bonilla v. Hospital Auxilio Mutuo, 186 D.P.R. 365 (2012); S.L.G. Serrano-Báez v. Foot Locker, 182 D.P.R. 824, 831 (2011); Meléndez Guzmán v. Berríos López, 172 D.P.R. 1010, 1017 (2008). The concept is termed as extinctive prescription and is matter of substantive rather than procedural law. P.R. Laws Ann. tit. 31, § 5291. Also, Olmo v. Young & Rubicam of P.R., Inc., 110 D.P.R. 740, 742 (1981)

There are three requirements for the extinctive prescription to be configured, namely: (1) the existence of a right that can be exercised, (2) the lack of exercise or inertia on the part of the creditor, and (3) the passage of time determined in law. Puerto Rico's Civil Code establishes prescriptive periods for the various real and personal actions. Meléndez Guzmán v. Berríos López, *supra*, p. 1018.

Article 1867 of the Puerto Rico Civil Code, Laws of P.R. Ann. Tit. 31 § 5297(1), provides a prescriptive period of three (3) years for claims of attorney's fees and the expenses incurred by them in the performance of their obligations. The prescriptive term starts counting on the day the services ceased to be rendered. *See* P.R. Laws Ann. Tit. 31 § 5299.

On the other hand, the Puerto Rico statute governing tort claims is Article 1802 of the Puerto Rico Civil Code which states that *"[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done"*. P.R. Laws Ann., Tit. 31, § 5141. The prescription period for actions brought pursuant to Article 1802 is one (1) year. See P.R. Laws Ann. tit. 31, § 5298(2). That period ordinarily begins to run at the time that the aggrieved party knows (or should have known) of his injury and the identity of the party who caused it. Torres v. E.I. Dupont De Nemours & Co., 219 F.3d 13, 18 (1st Cir.2000); Montañez v. Hosp. Metropolitano, 157 D.P.R. 96, 106 (2002).

The **First**, **Second**, **Third and Fifth** causes of action alleged in the Amended Complaint result from RLG's alleged failure, to pay attorneys' fees and costs[1] to the plaintiffs for the services allegedly provided in relation to the hurricane claims. According to article 1867 of Puerto Rico Civil Code, these claims are subject to a three-year limitation period counted from the time the respective services have ceased to be rendered. *See* P.R.

---

[1] Amended Complaint ¶¶ 41, 47, 50, 59.

Laws Ann. tit. 31 § 5297(1). *See* Orraca López v. ELA, 192 DPR 31 (2014); Lebrón v. Puerto Rico Ry., Light & Power Co., 78 DPR 683 (1955). [2]

According to the Plaintiffs allegations, the agreement between them and RLG was terminated on March 25, 2020.[3] Taking the plaintiffs allegations as true and drawing all inferences in their favor, the term elapsed on March 25, 2023.

Similarly, the **Fourth** cause of action titled as tortious conversion, is subject to a one-year limitation period under Puerto Rico's torts statute. P.R. Laws Ann. Tit. 31, § 5298(2). This is stipulated in Article 1868 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31 § 5298, which sets a one-year limitations period for actions for damages arising from fault or negligence. Tortious conversion, being a tortious act, falls under this one-year limitations period.

Although the allegations are silent as to the precise or even approximate date the alleged conversion occurred, the last alleged interaction between the parties transpired on March 25, 2020, when the joint venture agreement was terminated and RLG tendered a $50,000.00 check that the plaintiffs refused. Again, taking the plaintiffs allegations as true and drawing all inferences in their favor, the limitation period to file a claim for tortious conversion elapsed long ago.

Finally, the Plaintiffs aver in the alternative a **Sixth** cause of action based on the doctrine of unjust enrichment. Under Article 1864 of the Puerto Rico Civil Code, the statute of limitations for an unjust enrichment action is governed by the general 15-year

---

[2] This limitation period was applied by Puerto Rico Court of Appeals to claims of attorney's fees based on the *quantum meruit* in García Toro v. Pacheco Cornier; KLCE-2005-00095 (Microjuris 2006 TA 669).

[3] Amended Complaint ¶¶ 26 and 43.

statute of limitations for personal actions that do not have a specific limitations period prescribed by other laws.

However, to apply the doctrine of unjust enrichment to the case at hand, it is necessary that there be no contract between the parties. The relationship between the plaintiff and the, now extinct, RLG was based on an attorney fee agreement that was terminated on March 25, 2020, for cause. The situation that arose in this case had a remedy in law, but it should have been exercised in a timely manner. That is, within the limitation period applicable to the recovery of attorney's fees and cost set by Article 1867 of Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31 § 5297(1)

For this reason, the facts that gave rise to the alleged unjust enrichment make the doctrine inapplicable because there was a legal remedy to demand payment for the attorney services allegedly rendered. Plaintiff through inaction abandoned whatever rights it had to collect the attorney's fees and costs owed, if any.

## II. Puerto Rico Corporations Act estops any action against the appearing Co-Defendants

Although the preceding discussion would be sufficient to dismiss the Amended Complaint. The plaintiff's abandonment of any right they've might have had is also dispositive when taking RLG's dissolution on December 20, 2020.

A Puerto Rico corporation may be dissolved by consent or by majority vote of the stockholders. In both cases the corporation shall file a Certificate of Dissolution at the Puerto Rico Department of State and the corporation will become dissolved on the certificate's effective date. *See* P.R. Laws Annotated Tit. 14 § 3705. The same applies to limited liability companies. *Id* § 3997(a)(3).

Upon the dissolution, the corporation will continue its existence for a period of three (3) years from the effective date of dissolution but with the sole purpose of carrying

6

out the lawsuits filed by or against the corporation, liquidate the business and distribute the remaining assets to shareholders. *See* P.R. Laws Annotated Tit. 14 § 3708.

Once the three-year period has passed, the possibility of filing new lawsuits against the corporation disappears. The Act articulates a clear public policy that, after the three-year term of dissolution has expired, new claims against the corporation are prohibited. *See* Díaz Olivo, Carlos, Corporaciones: Tratado Sobre Derecho Corporativo [Corporations: A Treatise on Corporate Law], 2ª ed. p. 382.[4] As a result of the legislative mandate, the courts are prevented from reactivating a corporation if it has ceased its legal existence. *Id.*, p. 383.

Likewise, a shareholder of a dissolved corporation cannot be held liable for any claim against the corporation **unless the suit or proceeding is commenced before the expiration of the three (3) year period**. *See* P.R. Laws Annotated Tit. 14 § 3712. Similarly, the members of a limited liability company cannot be held liable unless the action is initiated before the expiration of the three-year period and the members liability has been adjudicated in such action. *Id* § 4000(d).

Although the Plaintiffs initially alleged that "*Defendants attempted to dissolve and or extinguish…*" RLG.[5] They acknowledged acknowledge by Informative Motion that RLG was in fact dissolved on December 20, 2020. *See* Informative Motion at p. 1 (DE 8). Because RLG was effectively dissolved on December 20, 2020,[6] the three-year period ended on December 20, 2023. Therefore, no lawsuit can be prosecuted against RLG or its stockholders beyond that date. P.R. Laws Annotated Tit. 14 §§ 3708 and 3712.

---

[4] Citing Townsend v Del. Glue Co., 103 A. 576, 577 (Del. Ch. 1918).

[5] *See* Amended Complaint ¶¶ 32 and 34.

[6] Exhibit A – Certificate of Dissolution of Recovery Legal Group.

Accordingly, accepting all well-pleaded facts as true and, drawing all reasonable inferences in the plaintiff's favor, there's no plausible cause of action against the appearing Co-Defendants because the Puerto Rico Corporations Act expressly prohibits the plaintiffs from asserting any claims against the extinct corporation or its stockholders or members.

### III. Plaintiff has failed to plead facts that support the *alter ego* claim.

One of the main characteristics of a corporation is that they are a separate and independent legal entity from their owners or shareholders. Miramar Marine v. Citi Walk, 198 D.P.R. 684, 691 (2017). Under Puerto Rico law there is a presumption that a corporate entity is separate from its controlling entity. Fleming v. Toa Alta Dev. Corp., 96 D.P.R. 240, 243 (1968)). Officers, directors or stockholders are generally not liable for the entity's debts. Santiago et al. v. Rodríguez et al., 181 D.P.R. 204, 214 (2011).

By exception, the courts may impose liability on shareholders for the debts and obligations of the corporation when the corporate form is used to commit fraud, evade a statutory obligation or defeat public policy. DACO v. Alturas de Florida Development Corp. et al., 132 D.P.R. 905, 924-925 (1993); Díaz Aponte v. Comunidad San José, Inc., 130 D.P.R. 782, 798 (1992).

The burden of proof falls on the party seeking to pierce the veil and propose the imposition of individual liability on the shareholders. **The mere allegation that the company is an *alter ego* of the shareholders is insufficient to impose liability on the shareholders of a corporation**. DACO v. Alturas de Florida Development Corp. et al., *supra* at page. 927.

8

In the instant case the Plaintiffs aver that Recovery Legal Group, PSC is an *alter ego* or *business conduit* of Rafael Rivera-Sanchez, Maytte Texidor and Maria Almodóvar.[7] Once more, the plaintiffs rely on a conclusory statement. Nonetheless and, as a matter of law, the mere allegation of alter ego does not support the conclusion that the appearing Co-Defendants are liable for the purported obligations of the corporation.[8]

The fact that *"shareholders use or make the corporation an instrument or alter ego of their interests is nothing improper or illegal,"* as *"the corporation cannot be anything other than an alter ego of its shareholders, since it is a legal fiction without natural life, whose reason for being is precisely the interests and well-being of its shareholders"*. Díaz Olivo, Carlos; Corporaciones: Tratado Sobre Derecho Corporativo [Corporations: A Treatise on Corporate Law], 2ª ed. p. 142.

To pierce the corporate veil a Plaintiff must provide detailed and specific allegations demonstrating that the corporate form should be ignored. This requires more than mere general or stereotyped claims. The plaintiff must allege specific facts showing that the corporation's <u>separate legal personality was misused to commit fraud or other wrongful acts.</u> Mere conclusions, conjectures, or suppositions are insufficient to meet this standard. The party asserting the alter ego claim bears the burden of proof and must present clear, strong, and convincing evidence to support the piercing of the corporate veil. <u>DACO</u> v. <u>Alturas de Florida Development Corp. et al.</u>, *supra* at page. 927.

Moreover, Rule 9(b) of the Federal Rules of Civil Procedure require that Plaintiff "*state with particularity the circumstances constituting fraud...*". In the instant case, fraud is mentioned in generalized and conclusory statements without factual support or plausibility.

---

[7] Amended Complaint ¶ 33.
[8] Amended Complaint ¶ 36.

The Plaintiffs allege in generalized form that Defendants' "*defrauded Plaintiffs by failing to provide them with their portion of the attorneys' fees and costs they were rightfully owed*".[9] However, the alleged failure to pay an agreed amount does not inherently constitute fraud; such allegation may constitute a breach of contract but not fraud. Fraud requires a misrepresentation of a material fact with the specific intent to deceive. There's no plausible way to connect the alleged non-payment with fraud.

Furthermore, the plaintiffs also allege that *"Defendants sought to pay Plaintiffs $50,000.00 for the work completed for the Claims"* and that they *"… declined Defendants' offer to resolve the issues related to the fees and costs owed by Defendants under the Joint Venture Agreement."*[10] The fact that the Plaintiffs admittedly decided to decline payment point the case as far away from fraud as it is possible. In fact, the refusal of payment may, in any case configure a creditors default (*mora accipiendi*).

The Plaintiffs also aver that Defendants *"created and used [sic] for the purpose of fraudulently deceiving the Plaintiffs and clients"*.[11] Although omitted, the court may infer that the plaintiffs try to allege that the appearing Co-Defendants used RLG to fraudulently deceive *"Plaintiffs and clients"*. If so, it is telling that the Plaintiffs fail to identify <u>any client</u> that was fraudulently deceived or even state with particularity how.

Moreover, turning on the Plaintiffs claim that they were deceived, the plaintiffs fail to *"state with particularity the circumstances constituting fraud…"*. While the court could connect the alleged deception to the allegations of *dolo* in the formation of the contract. Tha cause of action is predicated on the allegation that the plaintiffs agreed to

---

[9] Amended Complaint ¶ 32.

[10] *Id* ¶¶ 28 and 29.

[11] *Id* ¶ 33.

10

the modification of the attorney fee distribution without knowing that RLG was on the *"… cusp of resolving some of the Claims for several million dollars"*.[12]

However, the exhibits attached to the complaint reveal that the modification of the fee distribution stems from the fact that RLG was performing all the work related to Vega Alta and the Condominium claims without support from the Plaintiffs due to language and the expediency required.[13]

> *"This is in consideration at the litigation process related to Vega Alta and the Condominium **that we have to handle due to the language and the fast track of the same** … You guys will keep dealing will the CNA claim. Also, regarding the Hangar claim at Aguadilla, you guys will provide all the knowledge, technical support and all what we need to proceed with that claim. … **Remember that is pending the settlement offer for the Condominium that we need for the end of this week**."*

Contrary to the Plaintiff's narrative, Exhibit 3 shows that the Co-Defendants informed the Plaintiffs of the status of the pending transactional offer in the condominium claim and it also reveals that the change in fee split has nothing to do with being on the *"… cusp of resolving some of the Claims for several million dollars"*. In fact, there no discussion whatsoever about the probability of success of any of the other claims. The reduction of the fee split is due exclusively to the insufficient work performed by the Plaintiffs which later led to the resolution of the agreement.[14]

There is no plausible connection between the alleged probability of success of any of the claims and the amendment of the fee split and, in any case the modification is also unrelated to RLG's payment offer and the plaintiffs refusal.

---

[12] Id ¶ 40.

[13] See Exhibit 3 (DE 6-3).

[14] See Exhibit 3 (DE 6-3).

Likewise, the allegation that RLG was *"created and used for the purpose of fraudulently deceiving the Plaintiffs and clients"*[15] is contradicted by the allegation that, **before entering into the joint venture agreement**, the Plaintiffs were informed that RLG would be organized exclusively to perform the joint venture agreement.[16]

Finally, the Plaintiffs allege -upon information and believe- that RLG was undercapitalized, failed to pay dividends, failed to observe corporate formalities, had no corporate records, commingled funds and used corporate funds for non-corporate purposes.

> *"**Upon information and belief**, Recovery Legal Group, PSC, did not comply with the requisite formalities of corporations as set forth in P.R. Laws Ann. Tit. 14 § 3501 et seq., due to, but not limited to, the following factors: 1) undercapitalization; 2) nonpayment of dividends; 3) failure to observe corporate formalities; 4) absence of corporate records; 5) commingling of funds, and 6) use of corporate funds for non-corporate purposes."*

Once more the Plaintiffs rely on a mere recitation of the elements of a cause of action without any factual support or plausibility.

The fact that they are preceded by the phrase *"information and belief"*, shows that the plaintiff lacks personal knowledge of any facts that would support the allegation. The theory that RLG failed to comply with the formalities of a corporations is nothing more than a conclusion wrapped in speculation.

---

[15] See Amended Complaint ¶ 33.

[16] *Id*. ¶ 31. The allegation incorporates by reference on an email allegedly sent by codefendant Rafael Rivera Sanchez on December 30, 2017, which precedes the Joint Venture Agreement. *See* Exhibit 2 (DE 6-2).

12

### IV. The Amended Complaint fails to state a claim against Law Office of Rafael E. Rivera-Sanchez, Texidor-Lopez L.L.C. and or Texlo Consulting, LLC

In this case, Plaintiff filed what is essentially a breach of contract claim against RLG which is, the only Defendant that is a party to the contract alleged in the complaint. The accumulation of the remaining defendants is premised on the unsupported assertion that:

> *"...Defendants, collectively, **are joint and solidary obligors for the debts owed to Plaintiffs** as set forth in this First Amended Complaint. **This First Amended Complaint, and the facts set forth hereinbelow, are brought against all named Defendants**"*

Under Puerto Rico law, the elements of a cause of action for breach of contract are: (1) a valid contract, (2) a breach of that contract, and (3) resulting damages. First Medical Health Plan, Inc. *v.* Caremark PCS Caribbean, Inc., 681 F. Supp. 2d 111, 116 (D.P.R. 2010). *"In Puerto Rico, contracts are generally only valid between the parties who execute them,"* and *"[a]ctions arising out of a contract can be prosecuted only by one contracting party against the other."* F.C. Imports, Inc. v. First Nat'l Bank of Boston, 816 F. Supp. 78, 93 (D.P.R. 1993) (citing P.R. Laws Ann. tit. 31, § 3374). As a result, *"a stranger to the contractual relationship may demand the fulfillment of a contract successfully only if the contract contains a stipulation in his favor."* Id. at 93-94 (citing A.L. Arsuaga, Inc. v. La Hood Const., Inc., 90 D.P.R. 104, 107-08 (1964)).

The parties named in the joint venture agreement are Chehardy, Sherman, Williams, Recile & Hayes, L.L.P. ("CSW"); The King Firm, LLC and the codefendant Recovery Legal Group, LLC (RLG). Texidor-Lopez L.L.C., Texlo Consulting, LLC and the alleged Law Office of Rafael E. Rivera-Sanchez are not parties to the contract and there's no language in the document that would suggest any stipulation in their favor. The blanket statement of the Plaintiffs is insufficient to impose liability to Texidor-Lopez

13

L.L.C. and or Texlo Consulting, LLC and the alleged Law Office of Rafael E. Rivera-Sanchez.

While the Amended Complaint asserts, that Co-Defendants Rafael Rivera Sanchez, Maytte Texidor-Lopez and Maria Almodóvar were *"**Upon information and belief, the directors, officers and/or members of Recovery Legal Group, PSC**"*, there's no identifiable cause of action against Texidor-Lopez, Texlo Consulting or the alleged Law Office of Rafael E. Rivera-Sanchez or any damages resulting out of any conduct incurred by the alleged entities.

The references within the Complaint that point to Texidor-Lopez, LLC and Texlo Consulting, LLC is that Co-Defendant Maytte Texidor-Lopez is *"Upon information and belief, the member of…,"* said entities. Likewise, the only reference of the alleged Law Office of Rafael E. Rivera-Sanchez is that the codefendant Rafael Rivera Sanchez is a member of an entity by that name.

To start, there's no legal entity by the name of Law Office of Rafael E. Rivera-Sanchez. Also, the facts alleged in the complaint range from 2017 to 2020, but Texlo Consulting, LLC came into existence on June 3, 2023.[17] Likewise, Texidor-Lopez, LLC became inactive in 2016 and was administratively dissolved on December 30, 2023.[18]

The possibility that any of the Co-Defendants might have been a member of those entities has no connection to the instant case. There is no plausible entitlement by Plaintiff to relief because of any conduct by the alleged Law Office of Rafael E. Rivera-Sanchez, Texidor-Lopez, LLC or Texlo Consulting, LLC as alleged in the Complaint. There are no dots to connect on which this Honorable Court can reasonably rely to draw a

---

[17] See Exhibit B -Certificate of Organization of Texlo Consulting LLC.
[18] See Exhibit C - Certificate of Cancellation of Texidor-Lopez, LLC.

14

plausible inference that may sustain a liability claim at the pleadings stage with regards to any of these.

As a result, the plausibility standard has not been met. It follows, then, that any claim asserted against Texidor-Lopez, LLC or Texlo Consulting, LLC must be dismissed. Likewise, against the nonexistent Law Office of Rafael E. Rivera-Sanchez.

**WHEREFORE**, the appearing Co-Defendants respectfully request that the Complaint and the Amended Complaint filed in this case be dismissed with prejudice because they clearly fail to state a claim upon which relief may be granted. The appearing Defendants further request that Plaintiff be taxed with costs and reasonable attorney's fees.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record via the courts electronic filing system.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this June 18, 2024.

> Attorney for Co-Defendants
> Rosado-Alfonso Law Office, P.S.C.
> PO Box 195015
> San Juan PR 00919-5015
> Tel. 787-641-0286 Fax 866-849-3462
> *s/ Iván Gil Rosado-Alfonso*
> USDC-PR No. 227002
> irosado@rosado-alfonsolaw.com