**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| CHEHARDY, SHERMAN, WILLIAMS | ) | |
| RECILE & HAYES, LLP, and | ) | |
| THE KING FIRM | ) | CASE NO. 24-cv-01141JAG |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| RECOVERY LEGAL GROUP, | ) | |
| RAFAEL E. RIVERA-SANCHEZ, | ) | RE: BREACH OF CONTRACT, TORTS |
| LAW OFFICE OF RAFAEL E. RIVERA- | ) | |
| SANCHEZ, MAYTTE TEXIDOR-LOPEZ, | ) | |
| TEXIDOR-LOPEZ L.L.C., | ) | |
| TEXLO CONSULTING, | ) | |
| MARIA ALMODOVAR, and | ) | |
| MARICARMEN ALMODOVAR-DIAZ | ) | |
| LAW OFFICE | ) | |
| | ) | |
| *Defendants* | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR RECONSIDERATION**

**TO THE HONORABLE COURT:**

**COME NOW** the Plaintiffs, through undersigned counsel, and very respectfully state, allege and claim:

**I.      INTRODUCTION**

On July 21, 2025, the Court granted defendants' motion to dismiss at docket 35. The Court reasoned that "Plaintiffs cannot assert any claims against Recovery Legal Group because Plaintiffs filed their original Complaint after Recovery Legal Group had lost its capacity to be sued" and that "Plaintiffs' allegations regarding the piercing of the corporate veil are simply insufficient." Docket 42. In its reasoning, the Court relied on the following factual allegations: "[Recovery Legal Group]

1

was created for the sole purpose of entering into the Joint Venture Agreement and doing hurricane recovery work. Once that work was completed and Defendants obtained money from the insurance companies, they refused to pay their business partners despite the clear language of the Joint Venture Agreement. Then, the Defendants dissolved the entity shortly thereafter to avoid liability." Id. (quoting Docket 36 at 10).

Plaintiffs move the Court to reconsider its order and judgment because both are the result of a manifest error of fact and law. The Court failed to consider other relevant factual allegations that establish the defendants' fraud on plaintiffs and that go beyond the factual allegation that Recovery Legal Group was created for fraudulent purposes. Moreover, entering an order and judgment that do not take into consideration the totality of the facts alleged in the Second Amended Complaint constitutes a manifest error of law.

## II.    THE MOTION FOR RECONSIDERATION

"The Federal Rules of Civil procedure do not explicitly recognize a motion for reconsideration." Bautista Cayman Asset Co. v. Centro Cardiovascular de Manati III, 731 F. Supp. 3d 264, 268 (D.P.R. 2024). "Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) if it seeks to change the order or judgment issued." Sanchez-Perez v. Sa-Perez v. Sanchez-Gonzalez, 717 F. Supp. 2d 187, 194 (D.P.R. 2010). "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a *manifest error of law or fact* and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." Id. "[P]arties should not use [motions for reconsideration] to raise arguments which could, and should, have been made before judgement issued." Sanchez-Perez, 717 F. Supp. 2d at 194.

## III.    FACTUAL ALLEGATIONS ESTABLISHING DEFENDANTS' FRAUD

*Plaintiffs' Opposition to Defendants' Motion to Dismiss the Second Amended Complaint for Failure to State a Claim* discusses plaintiffs' fraud in the inducement/dolo and fraud in the execution claims. Docket 36 at 7-8 ("Opposition"). It addresses the Court to the specific factual allegations - not conclusory statements that merely repeat the elements of the cause of action - that establish how the defendants cajoled plaintiffs into an amended agreement where plaintiffs would receive a lower profit share while still getting reimbursed for monies spent retaining experts, etc., and how they lied to Plaintiffs when they requested payment of their profit share.

In the Opposition, plaintiffs addressed the Court to paragraphs 17 through 20, 22, 24, and 28. Those paragraphs specifically alleged that:

i.   Defendants had **secretly been on the verge of resolving some of the claims for millions of dollars** when they induced plaintiffs into agreeing to the revised terms of the Joint Venture Agreement. Opposition at par. 17. Emphasis supplied.

ii.  Defendants resolved some of the claims for several million dollars. Id at par. 18.

iii. Only after being deceived into agreeing to a revised Joint Venture Agreement, did plaintiffs learn that the defendants had already settled several multimillion-dollar claims. Id. at par 19.

iv.  Despite having collected millions of dollars, defendants never paid plaintiffs their agreed profit share. When plaintiffs asked for their share, defendants became evasive and alleged that they had not been paid yet. Id. at pars. 19-20.

**A. The law applicable to a motion to dismiss for failure to state a claim.**

When separating "the factual allegations from the conclusory statements", the Court cannot "disregard properly pled factual allegations" nor "attempt to forecast plaintiff's likelihood of success on the merits." Ocasio-Hernández v. Fortuño-Brunet, 640 F.3d 1, 12-13 (1st Cir. 2011)

(quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). Furthermore, the First Circuit has warned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in Plaintiffs' favor" "even if seemingly incredible." <u>Sepúlveda-Villarini v. Dept. of Educ. of P.R.</u>, 628 F. 3d 25, 30 (1st Cir. 2010) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)).

The First Circuit has emphasized that "[t]he make-or-break standard […] is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." <u>Sepúlveda-Villarini</u>, 628 F. 3d at 29 (citing <u>Iqbal</u>, 566 U.S. at 678-79). Therefore, "a well-pleaded complaint may proceed even if it appears that a 'recovery is very remote and unlikely.'" Twombly, supra.

When addressing a motion to dismiss under Rule 12, the Court must "accept as true all well-pleaded facts in the complaint and **draw all reasonable inferences in favor of the plaintiffs.**" <u>Gargano v. Liberty Int'l Underwriters, Inc.</u>, 572 F.3d 45, 48-49 (1st Cir. 2009) (emphasis ours). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or **inferential**, respecting each material element necessary to sustain recovery under some actionable legal theory." <u>Centro Médico del Turabo, Inc. v. Feliciano de Melecio</u>, 406 F.3d 1, 6 (1st Cir. 2005) (emphasis ours).

Accepting as true the well pleaded facts detailed above and drawing all reasonable inferences in favor of the plaintiffs, the inescapable conclusion is that:

i.  When negotiating a revised Joint Venture Agreement in which plaintiffs' profit share would be diminished, defendants **hid** from the plaintiffs that they were about to receive millions of dollars in resolved claims. The reasonable inference is that defendants hid this very important information to induce plaintiffs into accepting a lower share of the

profits. Whether defendants hid this make-or-break information from plaintiffs because they knew the plaintiffs would either not agree to the revised joint agreement or would require that the revised joint agreement be prospective,[1] is irrelevant at this stage of the proceedings, except that these are also reasonable inferences that demonstrate defendants' fraudulent intent.

ii.    The Second Amended Complaint specifically alleges that, even after collecting millions of dollars on settled claims, defendants responded to plaintiffs' payment demands by stating that they had not been paid yet. In no uncertain terms, these facts establish that the defendants lied to the plaintiffs in furtherance of their fraud.

**B. Fraud/dolo under Puerto Rico law.**

Under Puerto Rico law, "*dolo*," may exist "either in the formation of a contract where a party obtains the consent of another through deceptive means, or in the performance of a contractual obligation where a party knowingly and intentionally, through deceitful means, avoids complying with its contractual obligations." Carrero v. Molina Healthcare of P.R., Inc., 602 F.Supp.3d 310, 313 (D.P.R. 2022) (citing Feliciano-Muñoz v. Rebarber-Ocasio, 970 F.3d 53, 62 (1st Cir. 2020)). "[A] misleading omission is actionable as fraud if it is intended to induce a false belief and resulting action to the advantage of the misleader and the disadvantage of the misled." Consorsio de Empresas Mendocinas para Potrerillos S.A. v. Nodus International Bank, Inc., 2024 WL 5416159, *5 (D.P.R. 2024) (citing Westernbank Puerto Rico v. Kachkar, 2009 WL 6337949, *21 (D.P.R. 2009) (citing Emery v. Am. Gen. Fin., Inc., 71 F.3d 1343, 1348 (7th Cir.1995) (cited in Bonilla v. Volvo Car Corp., 150 F.3d 62, 69–70 (1st Cir.1998)).

---

[1]    That is, plaintiffs would demand payment of their profit share of these about-to-be-collected funds pursuant to the terms of the Joint Venture Agreement, with the revised Joint Venture Agreement applying to future settled claims.

"Pursuant to 31 L.P.R.A. § 6211, '*dolo grave*' or serious **fraud** "consists of an intentional action or omission through which the party or a third party **induces** another party to enter into a legal transaction that they otherwise would not have entered into. If the action or omission does not cause the legal transaction to be entered into, the injured party may claim any damage incurred." In short, *Dolo grave* is that which impacts the consent of a contracting party." <u>Dorado Gardens LLC v. Efron</u>, 2024 WL 531272, *12 (D.P.R. 2024) (citing <u>Andino-Oquendo v. Federal National Mortgage Association</u>, 2023 WL 2245072, at *4 (D.P.R. 2023) (quoting <u>Feliciano-Muñoz</u>, 970 F.3d at 62)).

The specific facts in the Second Amended Complaint and quoted above clearly and unambiguously establish plaintiffs' claims for fraud in the inducement and fraud in the execution. The Second Amended Complaint specifically states that defendants hid from plaintiffs the fact that they were about to be paid millions of dollars on claims that were about to be settled when negotiating a lower profit share for the plaintiffs. These facts and the reasonable inferences the Court may draw from them establish a claim for fraud in the inducement.

The Second Amended Complaint also specifically states that, after being paid millions of dollars, defendants lied to the plaintiffs and responded that they had not been paid when plaintiffs demanded their profit share. These facts and the reasonable inferences that the Court may draw from them establish a claim for fraud in the execution.

In its order dismissing the Second Amended Complaint the Court did not consider any of them.

## IV.    PIERCING THE CORPORATE VEIL

As explained in the opposition, "[u]nder Puerto Rico law, corporations are presumed to be legal entities separate from their officers, directors, and shareholders." <u>Situ v. O'Neil</u>, 124 F. Supp.

3d 34, 50 (D.P.R. 2015). However, "[a] plaintiff may pierce the corporate veil by presenting evidence showing that 'the corporation is being used to **sanction fraud, provide injustice, evade obligations,** defeat public policy, justify inequity, **protect fraud** or defend crime.'" Id. (quoting Rivera v. Reed, 2010 WL 683406, *50 (D.P.R. 2010)) (emphasis ours). "The general rule is that a corporate entity may be disregarded in the interests of public convenience, fairness, and equity." Situ, supra (quoting Brotherhood of Locomotive Engrs. v. Springfield Terminal Ry, 210 F. 3d 18, 26 (1st Cir. 2000)). "Courts have emphasized that '[t]he conditions under which the corporate entity will be disregarded vary according to the circumstances present in each case.'" Situ, supra (quoting Crane v. Green & Freedman Baking Co., 134 F. 3d 17, 22-23 (1st Cir. 1998)). "The legal standard for when it is proper to pierce the corporate veil is notably imprecise and fact intensive." Id.

The Court concluded the plaintiffs failed to muster enough facts to show that the corporation Recovery Legal Group was created for the purpose of committing fraud. Therefore, there were no facts to support piercing the corporate veil and holding its members personally liable. However, creation with the intent to commit fraud is not the only circumstance in which the corporate veil may be pierced. See Situ, supra.

The facts alleged in the Second Amended Complaint show that defendants fraudulently induced plaintiffs to agree to a lower profit share by hiding from the plaintiffs that they were about to collect several million dollars resulting from the plaintiffs and their experts' work. They also lied about having been paid when plaintiffs asked for their profit share. This means that the individual defendants used the corporation to inflict a fraud upon the plaintiffs and evade obligations they had towards the plaintiffs under the original Joint Venture Agreement and under

the revised Joint Venture Agreement. As explained in _Situ_, supra, this is enough to pierce the corporate veil and hold the individual defendants liable for their fraudulent acts.

## V.    CONCLUSION

The Second Amended Complaint contains sufficient facts to establish the individual defendants' use of the corporate fiction to commit specific fraudulent acts on plaintiffs and to evade their responsibilities. However, these facts were not considered by the Court. For this reason, plaintiffs move the court to reconsider its order granting defendants' motion to dismiss and judgment dismissing the complaint.

**WHEREFORE,** Plaintiffs respectfully move the court to grant this motion and reconsider its order granting defendants' motion to dismiss and judgment dismissing the complaint.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of August 2025

**I HERBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

**STEFFENS GUZMÁN LAW, LLC**
199 Reina Eugenia
Guaynabo, P.R. 00969
Tel. (787) 599-7538

_s/ Carlos A. Steffens Guzmán, Esq._
Carlos A. Steffens Guzmán, Esq.
c.steffens@steffenslawpr.com
U.S.D.C.P.R. No. 210807
